UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12286-RGS

RICHARD TAYLOR

v.

U.S. BANK, N.A., AS TRUSTEE FOR CARISBROOK
ASSET HOLDING TRUST and
ROUNDPOINT MORTGAGE SERVICING CORPORATION

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

August 10, 2021

STEARNS, D.J.

On December 7, 2005, plaintiff Richard Taylor purchased 6 Elm Street, in Medfield, Massachusetts, with a loan in the amount of $280,000 secured by the property. The mortgage has been assigned several times since the purchase, most recently on January 9, 2018, when U.S. Bank, N.A. as Trustee for Kingsmead Asset Holding Trust assigned the mortgage to defendant U.S. Bank, N.A., not in its individual capacity but solely as the owner-trustee for Carisbrook Asset Holding Trust. Def.s' SOF ¶ 7.

Taylor defaulted on his mortgage loan in February of 2011. When Taylor failed to "bring his account current or seek out loss mitigation options," defendant RoundPoint Servicing Corporation, as servicer of

Taylor's loan on behalf of U.S. Bank, sent Taylor a Notice to Cure Default on November 15, 2016.  With the Notice, RoundPoint sent Taylor a Right to Request a Modified Mortgage Loan advising him again of his right to seek loss mitigation to avoid foreclosure.  Taylor testifies that he "doesn't recall ever receiving the [default] notice" but when shown the document by his lawyer on June 14, 2021, he stated that he "had never heard of Queen's Park Ovel Asset Holding Trust [mistakenly named on the document] . . . which led [him] to believe that Queen's Park Ovel Asset Holding trust is the holder and mortgagee of my mortgage [and] that RoundPoint . . . is acting on [its] behalf."  Taylor Aff. ¶ 7; *see also* Dion Decl. (Dkt # 31) at 3-6.  Taylor does not deny knowing that RoundPoint was the servicer of the mortgage, or that it accurately identified the unpaid mortgage payments and the past amount due.  Taylor also does not claim that he ever attempted to contact Queens Park to verify its identity as the mortgage holder or to cure the default.

On February 14, 2018, defendants began a proceeding in the Land Court under the Servicemembers Civil Relief Act.  That Court issued an Order of Notice on March 2, 2018, and entered judgment in favor of U.S. Bank as Trustee on April 30, 2018.  SOF ¶ 13.  On May 9, 2018, an affidavit was executed and later recorded (on June 6, 2018), attesting to statutory compliance with Mass. Gen. Laws ch. 244, §§ 35B and 35C, and certifying

2

that the holder of the Note and Mortgage was U.S. Bank as Trustee.  On July 15, 2018, a Notice of Foreclosure Sale was mailed to Taylor and published in the Medfield Press on March 23, 2018, March 30, 2018, and April 7, 2018. The Notice of Foreclosure Sale informed Taylor that the foreclosure sale was scheduled for August 17, 2018. Taylor filed for Chapter 13 bankruptcy on August 16, 2018, triggering an automatic stay of the foreclosure.

In November of 2018, Taylor sued U.S. Bank and RoundPoint seeking to void the foreclosure.  In his Complaint, Taylor alleges that, because defendants had failed to send him "a Default Notice inform[ing him of] a right to reinstate after acceleration," they violated Massachusetts' power of sale statute and breached certain provisions of his mortgage.  Compl. ¶ 35. Taylor further contends that, having failed to grant RoundPoint a "power of attorney" to execute and record the assignment of his mortgage, U.S. Bank lacked standing as a "mortgagee who can exercise the statutory power of sale." *Id.* ¶ 89.  Defendants promptly removed the case to this court.

On September 24, 2019, the parties asked to stay this case in anticipation of the Massachusetts Supreme Judicial Court's (SJC) response to the First Circuit's certified question in *Thompson v. JPMorgan Chase Bank, N.A.,* 931 F.3d 109 (1st Cir. 2019), regarding the validity of foreclosure notices provided to a borrower.  *See* Dkt #18.  The certified question asked

3

whether language in the foreclosure notices at issue in *Thompson* rendered the notices inaccurate or deceptive, such that the foreclosure would be void. *Id.* at 111. In their motion, the parties stated that

> [p]laintiff's allegations here are substantially similar to those asserted in *Thompson*. Specifically, Plaintiff alleges that the pre-foreclosure default and right to cure letters sent by the Defendants include the same statements at issue in *Thompson* and, thus, that he has *Thompson*-based claims here. Plaintiff recently informed the Defendants that he intends to rely upon the *Thompson* argument as the basis for his wrongful foreclosure claims and would seek to stay this matter should Defendants proceed in filing for summary judgment. . . . Plaintiff ties his wrongful foreclosure claims to *Thompson*, citing in the Complaint the same mortgage terms, and the same legal and factual questions at issue there.

Dkt. #18 at 2, 4. The SJC concluded that the language of the notices initiating the foreclosure in *Thompson* was not misleading. *See Thompson v. JPMorgan Chase Bank,* 486 Mass. 286, 295 (2020). Based on the SJC's answer to the First Circuit's question, defendants filed this motion for summary judgment on June 7, 2021.

Notwithstanding the parties' joint position in filing the motion to stay, Taylor in his Opposition to RoundPoint's Motion for Summary Judgment now reneges and attempts to reverse course. In the Opposition

> [he] unequivocally denies any recollection of receiving any default letter in accordance with paragraph 22 of his mortgage. In addition, the purported correspondence, set forth as Exhibit H #2 to the Defendants "Statement of Undisputed Facts", purportedly sent by Round[P]oint did not strictly comply with

4

> Paragraph 22 of the Mortgage contract because the notice falsely states that the current mortgage holder is "Queen's Park Oval Asset Holding Trust" ("Queen's Park") and that Round[P]oint sent the default notice on behalf of "Queen's Park" when in fact Queen's Park was never a holder of the Plaintiff's Mortgage or Note at any such time.  Therefore, a question of fact exists as to Round[P]oint's authority to send the purported Paragraph 22 default notice because the notice fails to establish and in fact contradicts Round[P]oint's authority to send the notice on behalf of any mortgagee or noteholder as set forth in the Defendants' own chain of title that they provided in support of this motion.

Pl.'s Opp'n at 1-2.

## DISCUSSION

"Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 21 (1st Cir. 2018), quoting *McKenney v. Mangino*, 873 F.3d 75, 80 (1st Cir. 2017); *see also* Fed. R. Civ. P. 56(a); *Bryan v. Am. Airlines, Inc.,* 988 F.3d 68, 74 (1st Cir. 2021).

Taylor's "Hail Mary" effort to resuscitate his statutory non-compliance claims despite the SJC's rebuff stumbles out of the gate. RoundPoint's undisputed documentation of the mailings preluding the foreclosure conclusively establishes compliance with section 35A.  Jared Fink, a Roundpoint vice president in its Default Litigation department familiar with

5

this account, authenticates the return receipt of the Notice to Cure Default sent to "Richard Taylor, 6 Elm Street, Medfield, Massachusetts." *See* Dkt 37.1 at 26. Fink also explains that the reference to "Queen's Park" in the notice to Cure default was an administrative error, confirming that U.S. Bank National Association acted as the custodian for Taylor's mortgage loan, and was the holder of the Mortgage and Note from December 14, 2015 until May 13, 2021 (the relevant period) when the Note was reassigned to Wells Fargo Bank. *See Nutting v. Nationstar Mortg. LLC,* 23 LCR 563 (Mass. Land Ct. 2015) (holding that the failure to properly name the mortgagee in the section 35A notice to cure did not render the foreclosure void as it is the mortgage servicer "who holds authority to make decisions or otherwise take action to allow the mortgagor to cure any default, pay off the loan balance by means of a sale or refinancing, or undertake discussions of a possible modification of the loan."); s*ee also U.S. Bank Nat'l Ass'n v. Schumacher,* 467 Mass. 421, 431 (2014) (holding that a defective notice to cure did not invalidate a foreclosure sale); *Haskins v. Deutsche Bank Nat'l Trust Co.*, 86 Mass. App. Ct. 632, 640 (2014) (same). There is no dispute that RoundPoint was the servicer of Taylor's loan with the authority to act on the mortgagee's behalf and was clearly identified as such on the Notice to Cure Default (along with RoundPoint's contact information). The misidentification of Queens Park

6

does not render the foreclosure "so fundamentally unfair that [Taylor] is entitled to equitable relief," especially where Taylor denies ever receiving the Notice (and therefore could not have been misled by the mistaken identification. *Bank of New York Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 501 (2014).

Similarly, Taylor's argument regarding supposed inaccuracies or omissions in the chain of assignments of the Mortgage holds no legal weight. "[A] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013), quoted in *Wells Fargo Bank, N.A. v. Anderson*, 89 Mass. App. Ct. 369, 372 (2016); s*ee also Giannasca v. Deutsche Bank Nat'l Trust Co.*, 95 Mass. App. Ct. 775, 777-778 (2019) (Massachusetts law does not require a foreclosing mortgagee to show that prior holders of the record legal interest in the property also held the note each time an assignment was made to the next holder in the chain).

For a mortgagor in the *persona* Taylor adopts to succeed in voiding an assignment, he would have to show that no one in the world has the power to enforce the mortgage (whatever doubts he may have about the immediate party seeking to do so). *Barrasso v. New Century Mortg. Corp.*, 91 Mass.

7

App. C.t 42, 49 (2017). "[W]here the foreclosing entity has established that it validly holds the mortgage, a mortgagor in default has no legally cognizable stake in whether there otherwise might be latent defects in the assignment process." *Wain*, 85 Mass. App. Ct. at 502; s*ee also Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 205, 209-210 & n.13 (2014) (foreclosing entity must have valid title to the mortgage at the time it gives section 14 notice of foreclosure and at the time of the sale – it need not, however, demonstrate that prior holders of the record legal interest in the mortgage also held title of the note each time its interest in mortgage was transferred to the next holder in the chain).

ORDER

For the foregoing reasons, defendants' motion for summary judgment is <u>ALLOWED</u>.  The Clerk will enter judgment for defendants on all claims and close the case.

SO ORDERED.

/s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

9